UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SABRINA POPE,

          Plaintiff,          Case Number 07-13491

v.                                                    Honorable David M. Lawson

TROTT AND TROTT,

          Defendant.

_____/

## ORDER OVERRULING OBJECTIONS, ADOPTING REPORT AND RECOMMENDATION, AND DISMISSING CASE

The plaintiff filed a *pro se* complaint against Trott and Trott on August 19, 2007, that states simply, "The United State[s] has no Constitutional Capacity to exercise municipal jurisdiction, sovereignty or eminent domain, within the Limits of a state or else where. [*Lessee of Pollard v. Hagan*, 44 U.S. (3. How.) 212 (1845)]." Compl.

This is not the plaintiff's first complaint against Trott and Trott in federal court. The plaintiff filed at least four prior complaints against Trott and Trott. *Pope v. Trott & Trott*, No. 06-11251; *Pope v. Trott & Trott*, No. 07-10307; *Pope v. Trott & Trott*, No. 07-11693; *Pope v. Trott & Trott*, No. 07-12606. Each complaint was summarily dismissed for not stating any facts or basis for relief. After noting that he had been "excessively lenient" with the plaintiff, on July 30, 2007, Judge Gadola issued an injunction against the plaintiff preventing her "from filing any future complaints *in forma pauperis* in this district against Trott & Trott unless Plaintiff receives prior authorization from this Court." He also ordered

> that any complaint filed by Plaintiff must be accompanied by (1) an application for permission to file the pleading; (2) an affidavit demonstrating that Plaintiff's allegations are warranted by existing law or by a non-frivolous argument for the extension, modification, or reversal of existing law or the establishment of new law and that the factual allegations have, or are likely to have, evidentiary support; and

> (3) an affidavit demonstrating that Plaintiff has not filed the pleading for any improper purpose, including the harassment of any party, the causing of unnecessary delay in this or any other action, or the needless increase in the cost of litigation.

Order, Pope v. Trott & Trott (dkt. #5, case no. 07-12606). The plaintiff did not appeal this decision.

The Court referred pretrial matters to Magistrate Judge Majzoub, who concluded that the plaintiff failed to comply with the injunction: she filed an *in forma pauperis* complaint naming Trott and Trott as the sole defendant, without seeking leave from the Court or filing the required affidavit. Magistrate Judge Majzoub therefore recommended dismissal of the case. The plaintiff then submitted a document docketed as an "affidavit," which contains numbered objections that do not respond to the magistrate judge's conclusion.

Although the plaintiff timely filed objections to this report and recommendation, the objections merely state claims against the defendant and are non-responsive to the findings and conclusions reached by the magistrate judge. In the Sixth Circuit, "[o]verly general objections do not satisfy the objection requirement." *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006). "The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). "'[O]bjections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings . . . believed [to be] in error' are too general." *Spencer*, 449 F.3d at 725 (quoting *Miller*, 50 F.3d at 380). These rules are tempered by the principle that pro se pleadings are to be liberally construed, but a pro se litigant must still comply with the procedural rules of court. *McNeill v. United States*, 508 U.S. 106, 113 (1993). The parties' failure to file proper objections to the Report and Recommendation waives any further right to appeal. *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Likewise, the failure to properly object to the Magistrate

Judge's report releases the Court from its duty to independently review the motion. *Thomas v. Arn*, 474 U.S. 140, 149 (1985). However, the Court agrees with the findings and conclusions of the Magistrate Judge.

Accordingly it is **ORDERED** that the report and recommendation [#10] is **ADOPTED** and the plaintiff's objections [#11] are **OVERRULED**.  The complaint is **DISMISSED**.

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Dated: April 21, 2008

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on April 21, 2008.

s/Felicia M. Moses  
FELICIA M. MOSES